The next case, Tubbs v. Advocaro, was submitted on the briefs. Employees Retirement System v. Edison International. Yes, sir. May it please the Court, I'm Joseph Daley for the Appellant Retirement System. I'd like to reserve four minutes for rebuttal. Your Honors, this appeal presents two issues for the Court today. First, whether considered together and holistically, the complaint's factual allegations raise a strong inference of Defendant Sienter that is at least as compelling as any innocent inferences on the Defendant's side. And the second issue is whether the allegations of four statistically significant stock drops following the defendant's partial disclosure of fraud-related events gave the defendants some indication of the plaintiff's loss, as well as the causal connection between that loss and the defendant's actions. Now, turning to the Sienter, under this Court's precedence, allegations showing that the defendants recklessly turned a blind eye to impropriety or failed to investigate the doubtful comprise conduct that is equally culpable as actual knowledge. They have to be trying to defraud the market, right? Yes. So what strikes me in reading this scenario is that there's a lot of conduct that you point to that was, looking at it from your perspective, pretty concerted effort to avoid disclosing ex parte communications. That's correct. But the heart of that misconception is the fact that hanging around Southern California Edison's neck was this $4.7 billion millstone. Huge liability. Yes. But part of the problem you've got is that their proper duties as, right, and producer obligations is to take care of that liability. Of course. Right? And so, and arguably, that is what they're doing. Right? Because they're breaking the rules. That's your position. They're breaking the rules and trying to get it done by, right, engaging in these ex parte communications. That's correct. And not only are they breaking the rules, they are making misstatements about their breaking of the rules. They are not telling the market, to whom they also have a fiduciary duty, right, their shareholders, they are not telling the market that they are having these continual, these repeated ex parte, unreported communications, which, if they came to light, would blow up this $4.7 billion settlement. Well, that's, but that's the bigger problem. I guess you're going to get to loss causation separately. I am. So I'll get out of your way. Go ahead. You wanted to focus on your argument on Siantar. I did want to talk about the numerous indicia of Siantar because, I mean, let's put ourselves in Poland on March 26 and 27, 2013. A senior California Edison executive is sitting next to one of the five CPUC commissioners that will be voting on that settlement. And he's texting about it. And as I said, I think you have a very compelling story there. All right. Well, then I will move on from Siantar, although in our briefs do cover the errors that the district court made, we think, in terms of Siantar, because he took Mr. Pickett's denial to Mr. Litzinger at face value. Well, he denied it, so what more would you want him to do? Well, yes, but ultimately, as I understand it, you have to demonstrate that Mr. Litzinger and others in senior management were deliberately reckless.
judges: Graber, Berzon, Christen